1

2

3

4

5

6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10 JAMES P. BASH,

11            Plaintiff,                     1:06-CV-00674 ALA P

12     vs.

13 DR. SNYED, et al.,

14            Defendants.           ORDER

15 _____/

16     Plaintiff James Bash is a state prisoner proceeding pro se and in forma pauperis in this

17 civil rights actions pursuant to 42 U.S.C. § 1983.

18                               **I**

19     Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

20 complaints brought against a governmental entity or officer or employee of a governmental

21 entity. The Court must dismiss the complaint if the claims contained in it, even when read

22 broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted,

23 or seek money damages from a defendant who is immune from such relief. 28 U.S.C. §

24 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke*

25 *v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept

26 [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

1   that could be proved consistent with the allegations."  *Id.*

2        "To sustain an action under section 1983, a plaintiff must show (1) that the conduct

3   complained of was committed by a person acting under color of state law; and (2) that the

4   conduct deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*,

5   466 F.3d 676, 689 (9th Cr. 2006).

6                                          **II**

7        Plaintiff alleges that on May 27, 2005, he underwent open heart surgery.  Complaint at 6.

8   Plaintiff alleges that he saw the Defendant's for after care following this procedure.  *Id*. at 6-8.

9   Plaintiff claims that on November 17, 2005, Plaintiff suffered a heart attack.  *Id*. at 7.  Plaintiff

10  claims that if he had "been approved for, scheduled and had accomplished the, many times over

11  requested, follow-up cardiac care with competent, informed and indicated cardiologist the

12  subsequent...heart attack...could have, and likely would have, been avoided..."  *Id*. at 8.

13       "'The unnecessary and wanton infliction of pain upon incarcerated individuals under

14  color of law constitutes a violation of the Eight Amendment.'"  *Toguchi v. Chung*, 391 F.3d

15  1051, 1056 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).

16  "A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent

17  to a prisoner's medical needs."  *Id.* at 1057.

18       "In the Ninth Circuit, the test for deliberate indifference consists of two parts."  *Jett v.*

19  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  "First, the plaintiff must show a 'serious medical

20  need' by demonstrating that 'failure to treat a prisoner's condition could result in further

21  significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.* (quoting *McGuckin*,

22  974 F.2d at 1059).  "Second, the plaintiff must show the defendant's response to the need was

23  deliberately indifferent."  *Id.*   A plaintiff can show a defendant's response was deliberately

24  indifferent by demonstrating "(a) a purposeful act or failure to respond to a prisoner's pain or

25  possible medical need and (b) harm caused by the indifference."  *Id.*  "Indifference 'may appear

26  when prison officials deny, delay or intentionally interfere with medical treatment, or it may be

                                          2

1  shown by the way in which prison physicians provide medical care.'" *Id.* (quoting *McGuckin*,

2  974 F.2d at 1059).

3      "A prison official acts with 'deliberate indifference . . . only if [he or she] knows of and

4  disregards an excessive risk to inmate health and safety." *Toguchi*, 391 F.3d 1057.  "Under this

5  standard, the prison official must not only 'be aware of facts from which the inference could be

6  drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

7  inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'[D]eliberate

8  indifference to medical needs may be shown by circumstantial evidence when the facts are

9  sufficient to demonstrate that a defendant actually knew of a risk of harm.'" *Id.* at 1057 n.4

10  (quoting *Lolli v. County of Orange*, 351 F.3d 410, 421 (9th Cir. 2003)).

11      The complaint provides the chronology of events and identifies the actions of each

12  Defendant.  However, the complaint does not allege how a particular and identified Defendant

13  failed to treat Plaintiff's condition, which resulted in further significant injury or the unnecessary

14  and wanton infliction of pain, and that that Defendant's response to Plaintiff's condition or

15  suffering was deliberately indifferent.  Therefore, Plaintiff's complaint will be dismissed.

16  **III**

17      To proceed, Plaintiff must file an amended complaint.  Any amended complaint must

18  show that the federal court has jurisdiction and that Plaintiff's action is brought in the right

19  place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a

20  request for particular relief.  Plaintiff must identify as a defendant only persons who personally

21  participated in a substantial way in depriving Plaintiff of a federal constitutional right.  *Johnson*

22  *v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

23  constitutional right if he does an act, participates in another's act or omits to perform an act he is

24  legally required to do that causes the alleged deprivation).  If Plaintiff contends he was the

25  victim of a conspiracy, he must identify the participants and allege their agreement to deprive

26  him of a specific federal constitutional right.

1    In an amended complaint, the allegations must be set forth in numbered paragraphs. FED.

2  R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.

3  FED. R. CIV. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or

4  occurrences, the claims must be set forth in separate paragraphs. FED. R. CIV. P. 10(b).

5    The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d

6  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

7  heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

8  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

9    Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

10  directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

11  point of a simplified pleading system, which was adopted to focus litigation on the merits of a

12  claim."); FED. R. CIV. P. 8.

13    Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

14  speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

15  defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

16  (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

17  *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

18  Civil Procedure is fully warranted" in prisoner cases).

19    A district court must construe pro se pleading "liberally" to determine if it states a claim

20  and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

21  opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

22  the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

23  the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

24  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

25    The court (and Defendant) should be able to read and understand Plaintiff's pleading

26  within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

1   defendants with unexplained, tenuous or implausible connection to the alleged constitutional

2   injury or joining a series of unrelated claims against many defendants very likely will result in

3   delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

4   pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

5        An amended complaint must be complete in itself without reference to any prior

6   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

7   files an amended complaint, the original pleading is superseded.

8        Plaintiff is admonished that by signing an amended complaint he certifies he has made

9   reasonable inquiry and has evidentiary support for his allegations and that for violation of this

10  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.

11  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

12  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.

13  Admin. Code § 3005.

14       A prisoner may bring no § 1983 action until he has exhausted such administrative

15  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

16  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

17  amended complaint he certifies his claims are warranted by existing law, including the law that

18  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

19  his action.

20                                              **IV**

21       Therefore,  IT IS HEREBY ORDERED that:

22            1.  Plaintiff's August 11, 2006, first amended complaint is dismissed; and

23            2.  Plaintiff is granted thirty-five (35) days to file a second amended complaint.

24  Failure to file a second amended complaint will result in this matter being dismissed.

25  /////

26  Dated: December 19, 2007                    /s/ Arthur Alarcón

                                              5

1

UNITED STATES CIRCUIT JUDGE
Sitting by Designation

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26