UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. BASH, | 1:06-cv-00674-OWW-DLB  (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE. |
| v. | (DOCUMENT #15) |
| DR. SNYED, et al., | |
| Defendants. | |

Plaintiff James P. Bash ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. On December 19, 2007, the court dismissed plaintiff's first amended complaint, with leave to file a second amended complaint. (Doc. 11). On April 11, 2008 plaintiff notified the court that he was recently diagnosed with terminal lung cancer, and requested an extension of time and appointment of counsel.[1,2] (Doc. 15). Plaintiff states that he is unable to prepare his second amended complaint because of his current condition.

///

---

[1] The court has contacted but has not yet received confirmation of plaintiff's medical status, from the Litigation Coordinator at California Medical Facility, where plaintiff is currently incarcerated.

[2] By order issued separately, plaintiff is granted a thirty day extension of time to file his second amended complaint. (Doc. 16).

-1-

1  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

The court has reviewed plaintiff's request and is sympathetic to plaintiff's plight. However, at this stage in the proceedings, plaintiff has not yet filed a complaint that contains any cognizable claims for relief under 42 U.S.C. § 1983. Having considered the likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved, the court cannot find that his case warrants the appointment of counsel at this time. See <u>Rand</u>, 113 F.3d at 1525.

Plaintiff's request for appointment of counsel is HEREBY DENIED, without prejudice to plaintiff re-filing his motion at a later date. If plaintiff so chooses to re-file his motion, he may include with his motion documentation regarding his current medical status and prognosis.

IT IS SO ORDERED.

Dated:   **August 20, 2008**          **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE