# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES P. BASH, | CASE NO. 1:06-cv-00674-OWW DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER |
| v. | |
| DR. SNYED, et al., | (Doc. 11) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

_____/

Plaintiff James Bash ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 19, 2007, the court dismissed plaintiff's amended complaint and ordered plaintiff to file a second amended complaint within thirty-five days. (Doc. 11).  On February 13, 2008 the Court granted Plaintiff a sixty-day extension of time to file his second amended complaint, and on May 5, 2008, Plaintiff was granted a further thirty-day extension of time. (Docs. 14, 16).  More than thirty days have passed and plaintiff has not filed a second amended complaint or otherwise responded to the court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

1

1 action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

2 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

3 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

4 requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

5 (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of

6 address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

7 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

8 failure to lack of prosecution and failure to comply with local rules).

9       In determining whether to dismiss an action for lack of prosecution, failure to obey a court

10 order, or failure to comply with local rules, the court must consider several factors: (1) the public's

11 interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

12 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

13 (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

14 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15      In the instant case, the court finds that the public's interest in expeditiously resolving this

16 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has

17 been pending since June 1, 2006.  The third factor, risk of prejudice to defendants, also weighs in

18 favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

19 in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

20 factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the

21 factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure

22 to obey the court's order will result in dismissal satisfies the "consideration of alternatives"

23 requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d

24 at 1424.  The court's December 19, 2007 order requiring plaintiff to file a second amended complaint

25 expressly stated: "Failure to file a second amended complaint with result in this matter being

26 dismissed." Thus, plaintiff had adequate warning that dismissal would result from his noncompliance

27 with the court's order.

28 ///

1    Accordingly, it is HEREBY RECOMMENDED that this action be dismissed  for failure to
2  obey a court order.

3    These Findings and Recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5  **days** after being served with these Findings and Recommendations, plaintiff may file written
6  objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
9  1153 (9th Cir. 1991).

10
11    IT IS SO ORDERED.
12  **Dated:    February 19, 2009**                  /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28